**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN B. ROSS,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>EXCEL GROUP FLEXIBLE BENEFIT PLAN, a/k/a THE EXCEL GROUP EMPLOYEE BENEFIT PLAN; THE EXCEL GROUP; and THE HARTFORD, a/k/a HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>          Defendants - Appellees. | No. 09-15791<br><br>D.C. No. 2:06-cv-01474-JWS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued October 7, 2010; Resubmitted August 5, 2011
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and CARNEY, District
      Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Plaintiff John B. Ross appeals from the summary judgment entered in favor of Defendants Excel Group Flexible Benefit Plan and The Hartford on his claim that Hartford improperly denied his application for disability benefits under the disability insurance policy that Plaintiff had through his former employer, Excel Group. We review de novo the district court's choice and application of the standard of review to decisions by fiduciaries in cases brought under the Employee Retirement Income Security Act of 1974. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir. 2006) (en banc). We review for abuse of discretion the district court's denial of a motion to compel discovery. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

1. We affirm the denial of Plaintiff's motion to compel discovery. Plaintiff failed to serve his discovery requests in accordance with the district court's scheduling order, and he offers no justification for failing to do so. Moreover, Plaintiff has not identified any particular document or piece of information, or even any kind of document or information, that would have changed the outcome of this action. Because Plaintiff has not made a clear showing that the denial of discovery resulted in actual and substantial prejudice to him, we will not disturb the district court's ruling. Hallett, 296 F.3d at 751.

2. We also affirm the district court's determination that the abuse of discretion standard, tempered by the extent to which Hartford's structural conflict of interest influenced its decision, applies to Hartford's denial of Plaintiff's benefits claim. Excel Group's insurance plan expressly gave Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all [of its] terms and provisions." That provision makes abuse of discretion the default standard of review. Abatie, 458 F.3d at 963. Because Plaintiff has not demonstrated that Hartford "utterly fail[ed] to follow [the] applicable procedures" for processing his claim, we decline Plaintiff's invitation to apply a de novo standard of review. Id. at 959.

3. Finally, we affirm the summary judgment against Plaintiff on his claim that Hartford improperly denied his request for disability benefits. Because Hartford both administers Excel Group's plan and pays the benefits on the plan, it operates under a structural conflict of interest. We must decide, on this record, "how much or how little to credit the plan administrator's reason for denying insurance coverage," id. at 968, considering "the nature, extent, and effect on the decision-making process" of Hartford's conflict of interest, id. at 967.

Plaintiff identifies six procedural errors that, he believes, demonstrate Hartford's abuse of discretion. We conclude that, although Hartford did not

3

conduct a procedurally perfect review of Plaintiff's claim, its errors do not suggest the kind of "malice" or "self-dealing" that would warrant a finding that Hartford abused its discretion. See id. at 968-69 ("The level of skepticism with which [we view] a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history."). To the contrary, the record supports Hartford's avowal that it denied Plaintiff's claim because his medical problems long preexisted his request for medical leave, and Plaintiff had performed the essential duties of his position for years with those problems. The facts here differ materially from the facts in Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666 (9th Cir. 2011), on each of the five factors relied on to reverse the denial of benefits in that case. Because Hartford had a reasonable basis for concluding that Plaintiff was not entitled to benefits under the plan, it did not abuse its discretion when it denied his claim.

AFFIRMED.

4